UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| CAROL M. PATTERSON, a single woman, | ) ) | |
| Plaintiff, | ) ) | NO.  CV-04-0458-LRS |
| | ) | (CONSOLIDATED) |
| -vs- | ) ) | ORDER GRANTING DEFENDANT'S |
| | ) | MOTION FOR SUMMARY JUDGMENT |
| ARAMARK MANAGEMENT SERVICES, Limited Partnership, a foreign corporation, | ) ) ) ) | IN PART |
| Defendant. | ) ) | |
| _____ | ) ) | |
| LENKA ANNA KIRCHNER, | ) ) | |
| Plaintiff, | ) ) | |
| -vs- | ) ) | |
| ARAMARK MANAGEMENT SERVICES, Limited Partnership, a foreign corporation, | ) ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

Before the Court are the following motions: 1) Defendant's Motion For Partial Summary Judgment (Ct. Rec. 22), filed on February 24, 2006; 2) Plaintiffs' Motion to Strike in Part Aramark's Statement of Material Facts and Affidavit of Steve Terry (Ct. Rec. 45), filed on March 23,

ORDER - 1

2006; 3) Plaintiffs' Motion to Strike in Part Affidavit of Martha Bennett (Ct. Rec. 67), filed April 13, 2006; 4) Defendant's Motion to Strike Portions of the Affidavits of Dunn, Kirchner and Patterson (Ct. Rec. 70) filed on April 19, 2006; 5) Defendant's Motion to Strike Portions of Supplemental Declaration of Robert Dunn (Ct. Rec. 75), filed on April 21, 2006; and 6) Stipulated Motion to Continue Experts' Reports and Deposition Dates (Ct. Rec. 87) filed on May 9, 2006.

The Court held a hearing on May 22, 2006 and thereafter, ruled on the record. Robert Dunn participated on behalf of the Plaintiffs; and Courtney Beaudoin and C. Matthew Andersen participated on behalf of Defendant. This Order is intended to memorialize and supplement the oral rulings of the Court, which are incorporated herewith.

**BACKGROUND**

The plaintiffs Carol Patterson and Lenka Kirchner [collectively Plaintiffs] were employed by defendant ARAMARK Management Services [Defendant] as housekeepers for Valley Hospital & Medical Center in Spokane, Washington. Both plaintiffs were terminated on January 13, 2004 for the same alleged reasons and by the same decision maker. Both plaintiffs' diversity cases were removed from state court to federal court on December 2, 2004. Plaintiff Kirchner's case was assigned to Judge Suko, CV-04-458-LRS and Plaintiff Patterson's case was assigned to Judge Van Sickle, CV-04-459. Both cases were filed in the same judicial district, but randomly assigned to different Judges. The parties stipulated and the Court granted consolidation of these actions on December 7, 2005. Ct. Rec. 18.

**IT IS ORDERED** that:

ORDER - 2

1. Defendant's Motion for Partial Summary Judgment, **Ct. Rec. 22**, filed on February 24, 2006, is **GRANTED IN PART** and **DENIED IN PART**.

   A. The age discrimination claims of both plaintiff Kirchner and plaintiff Patterson pursuant to R.C.W. 49.30 et. seq. are **DISMISSED.** Plaintiffs have failed to establish a prima facie case of age discrimination based on the undisputed facts.

   B. Plaintiffs' claims for violation of R.C.W. 49.32.020 relating to protected union activities are **DISMISSED** as being duplicative of the claims for wrongful discharge in violation of public policy pursuant to R.C.W. 49.32.020.

   C. Summary judgment as to Plaintiffs' claims for wrongful termination in violation of public policy pursuant to R.C.W. 49.32.020 is **DENIED**. The Court finds that genuine issues of material fact exist as to whether Defendant's justification for termination of plaintiffs, i.e., that plaintiffs took excessive breaks and falsified time cards, was valid or pretextual.

   Alternatively, defendant seeks dismissal of plaintiff Patterson's claims on the grounds that Patterson should be judicially estopped from raising these claims, attempting to use the bankruptcy courts to her own unfair advantage. On February 17, 2004, Patterson filed for Chapter 7 bankruptcy protection. She did not list this wrongful discharge lawsuit as a contingent claim, though defense states she had knowledge of enough facts to know that a potential cause of action existed during the pendency of bankruptcy. Patterson's debt was discharged as a no asset estate on May 19, 2004. After defendant's summary judgment motion was filed, Patterson moved the

ORDER - 3

bankruptcy court to reopen the bankruptcy.  It was reopened on March 16, 2006.  Based on the current state of the factual record, the Court cannot conclude as a matter of law that judicial estoppel bars the claims of Patterson.  Defendant's motion for summary judgment on this ground is therefore **DENIED without prejudice**.

   D.   Plaintiffs' claims for breach of contract are **DISMISSED,** the Court having found that no contract existed for these plaintiffs in their employment-at-will relationship with defendant.

   E.   Plaintiffs' claims for negligence are **DISMISSED.**

   F.   Plaintiffs' claims for negligent infliction of emotional distress are **DISMISSED.**  The Court finds that Defendant did not owe plaintiffs a duty to use reasonable care to avoid inadvertent infliction of emotional distress when responding to a workplace dispute.

   G.   Plaintiffs' claims for Consumer Protection Action violation pursuant to R.C.W. 19.86 et. seq. are **DISMISSED.**  Plaintiffs have failed to prove the required elements set forth in *Hangman Ridge Training Stables, Inc. V. Safeco*, 105 Wn.2d 778, 780 (1986).

   H.   Plaintiffs' claims for violation of good faith and fair dealing are **DISMISSED.**  The Court finds Plaintiffs were at-will employees who have no legal claim for violation of the duty of good faith and fair dealing.

   I.   Summary judgment as to Plaintiffs' claims for defamation is **DENIED.**  The Court finds that genuine issues of material fact exist as to whether the plaintiffs can establish a prima facie case for this cause of action.

ORDER - 4

   J.  Plaintiffs' claims for invasion of privacy/false light disclosure are **DISMISSED.** Plaintiffs have failed to prove the elements of this common law tort of invasion of privacy.  Further, the underlying "false light" relied upon arises out of an alleged defamatory statement.  Therefore, the Court finds the proper cause of action is defamation under the facts of this case.

   2.  Plaintiffs' Motion to Strike in Part Aramark's Statement of Material Facts and Affidavit of Steve Terry, **Ct. Rec. 45**, filed on March 23, 2006 is **DENIED**.

   3.  Plaintiffs' Motion to Strike in Part Affidavit of Martha Bennett, **Ct. Rec. 67**, filed April 13, 2006 is **DENIED**.

   4.  Defendant's Motion to Strike Portions of the Affidavits of Dunn, Kirchner and Patterson, **Ct. Rec. 70**, filed on April 19, 2006 is **GRANTED in part and DENIED in part**.  Only admissible evidence may be considered on summary judgment.  Declarations and exhibits are relevant to the extent they have a tendency to make the existence of any material fact more or less probable. See Fed.R.Evid. 401. Affidavits are admissible only if relevant and based upon personal knowledge.  Conclusory facts cannot be utilized on summary judgment. Fed.R.Civ.P. 56(e).  The Court has considered admissible evidence for purposes of this summary judgment motion.

   5.  Defendant's Motion to Strike Portions of the Supplemental Declaration of Robert Dunn, **Ct. Rec. 75**, filed on April 21, 2006, is **GRANTED**.

   6.  Stipulated Motion to Continue Experts' Reports and Deposition Dates, **Ct. Rec. 87**, filed on May 9, 2006 is **GRANTED**.

ORDER - 5

7. The parties shall report the status of their mediation efforts to the Court on or before **June 9, 2006**.

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 30th day of May, 2006.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 6